AO241
(Rev. 10/07)

## PETITION UNDER 28 USC § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| | |
|---|---|
| **United States District Court** | District:<br>**EASTERN DISTRIST OF LOUISIANA** |

Name (under which you were convicted):
GHAZIR LACAYO

Place of Confinement:

**RAYBURN CORRECTIONAL CENTER**

Petitioner (include the name under which you were convicted)

Docket or Case No: **15-5190**

Prisoner No:

**SECT. A MAG. 5**

**306498**

Respondent (authorize person having custody of petitioner)

**GHAZIR LACAYO**          v.          **SANDY MCCAIN, WARDEN**
**RAYBURN CORRECTIONAL CENTER**

The Attorney General of the State of Louisiana

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   **22nd Judicial District Court**
   **Parish of St. Tammany**

   (b) Criminal docket or case number (if you know): **415424, Division G**

2. (a) Date of the judgment of conviction (if you know):  **May 19, 2009**

   (b) Date of sentencing: **December 4, 2009**

3. Length of sentence: **Thirty (30) years without benefit(s)**

4. In this case, were you convicted on more than one count or of more than one crime?          ☐ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: **Aggravated Criminal Damage to Property**

6. (a) What was your plea? (Check one)

   ☒ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

   ☐ (2)  Guilty          ☐ (4)  Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did
   you plead guilty to and what did you plead not guilty to?

**TENDERED FOR FILING**

OCT 1 3 2015

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

X Fee _paufer_
___ Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

AO241
(Rev. 10/07)

   (c) If you went to trial, what kind of trial did you have? (Check one)

   ☑ Jury            ❑ Judge only

7.   Did you testify at a pretrial hearing, trial or a post-trial hearing?

   ❑ Yes       ☑ No

9. If you did appeal, answer the following:

   a. Name of court: **First Circuit Court of Appeal**

   b. Docket or case number (if you know): **2010-KA-1119**

   c. Result: **Denied**

   d. Date of result: **Feb. 11, 2011**

   e. Citation to the case (if you know): **57 So 3d 609**

   f. Grounds raised: **N/A**

   (g) Did you seek further review by a high state court?       ☑ Yes       ❑ No

      If yes, answer the following:

      (1) Name of court: **Louisiana Supreme Court**

      (2) Docket or case number (if you know): **2011-0517**

      (3) Result: **Denied**

      (4) Date of result: **09-30-11**

      (5) Citation to the case (if you know): **N/A**

      (6) Grounds raised: **N/A**

   (h) Did you file a petition for certiorari in the United States Supreme Court?       ❑ Yes       ☑ No

      If yes, answer the following: **N/A**

      (1) Docket or case number (if you know): **N/A**

      (2) Result: **N/A**

      (3) Date of result (if you know): **N/A**

      (4) Citation to the case (if you know): **N/A**

   10.   Other than the direct appeals listed above, have you previously filed any petitions, applications, or motions
         concerning this judgment of conviction in any state court?       ☑ Yes       ❑ No

AO241
(Rev. 10/07)

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1)  Name of Court: **St. Tammany Parish, 22nd Judicial District Court**

(2)  Docket or case number (if you know): **415424, Division G**

(3)  Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **Application for Post-Conviction Relief**

(5) Grounds raised:

**1)  The trial court lacked subject matter and personal jurisdiction and the conviction and sentence obtained in violation of the Constitution of the United States Constitution V, VI, VIII, XIV, and the Louisiana Constitution of 1974, article 1 § 1, 2, 3,  13, 16, 20, 22, 24, Honorable Judge Elaine W. Dimiceli violated petitioner's rights by not fully advising the petitioner of the right against self-incrimination and in violation of the Louisiana Code of Criminal Procedure article 707 - 715**

**2)  Conviction and sentence obtained in violation of the United States Constitution Amendment V, VI, XIV and the Louisiana Constitution of 1974 article 1 §13, 15, §16. "Double Jeopardy"**

**3)  In violation of fair and impartial 2nd trial and conviction and sentence obtained in violation of the United States Constitution Amendment VI, XIV and the Louisiana Constitution of 1974 article 1 §13 and §16. "Ineffective Assistance of Counsel"**

**4)  La. C. Cr. P. Art. 854, newly discovered evidence; necessary allegations, actual innocence of the Petitioner, Mr. Lacayo.**

**5)  In violation of the United States Constitution Amendment, V, VI, XIV, and Louisiana Constitution of 1974, article 1 §13, and 16, "Petitioner forced to retain counsel not enrolled to the petitioner's case, or with petitioner's lawyer, or none at all."**

**6)  In violation of a "Fair and impartial 1st and 2nd trial" and Equal Protection violation caused the conviction and sentence obtained in violation of the United States Constitution Amendment V, VI, XIV, and the Louisiana Constitution of 1974 article 1 §13 and §16. "Bias judges, failure to recuse themselves"**

(6)  Did you receive an evidentiary hearing on your petition, application or motion?

❑ Yes     ☑ No

(7)  Result: **Denied**

(8)  Date of result (if you know): **February 10, 2014**

(b)  If you filed any second petition, application or motion give the same information: **N/A**

(1) Name of court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

     ❑ Yes     ❑ No  ☑ **N/A**

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(c)    If you filed any third petition, application, or motion, given the same information: ☑ **N/A**

(1) Name of Court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
     ❑ Yes     ❑ No  ☑ **N/A**

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(d )   Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

      (1) First petition:      ☑ Yes      ❑ No

      (2) Second petition:    ❑ Yes      ❑ No  ☑ **N/A**

      (3) Third petition:     ❑ Yes      ❑ No  ☑ **N/A**

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, Laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground..

            Caution: To proceed in the federal court, you must ordinarily first exhaust your available
            state-court remedies as to each ground on which you request action by the federal court.
            Also, if you fail to set forth all grounds in this petition, you may be barred from presenting
            additional grounds at a later date.

✒AO241
(Rev. 10/07)

1.    **GROUND ONE: )  The trial court lacked subject matter and personal jurisdiction and the conviction and sentence obtained in violation of the Constitution of the United States Constitution V, VI, VIII, XIV, and the Louisiana Constitution of 1974, article 1 § 1, 2, 3,  13, 16, 20, 22, 24, Honorable Judge Elaine W. Dimiceli violated petitioner's rights by not fully advising the petitioner of the right against self-incrimination and in violation of the Louisiana Code of Criminal Procedure article 707 - 715**

(a)  Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**SEE MEMORANDUM IN SUPPORT OF HABEAS CORPUS ATTACHED HERETO.**

(b) If you did not exhaust your state remedies on Ground One, explain why: **Exhausted all remedies**

(c)    **Direct Appeal of Ground One:**

(1) If you appealed form the judgment of conviction, did you raise this issue?    ☑ Yes  ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  Post-Conviction Proceedings:

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes        ☐  No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Application for Post-Conviction Relief**

Name and location of the court where the motion or petition was filed: **22nd Judicial District Court, St. Tammany Parish**

Docket or case number (if you know): **415424**

Date of the court's decision: **February 10, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?                      ☐  Yes ☑  No

(4) Did you appeal from the denial of your motion or petition?                  ☑ Yes ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?   ☑ Yes ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
            **Louisiana First Circuit Court of Appeal**

Docket or case number (if you know): **No. 2014 KW 0381**

AO241
(Rev. 10/07)                                                                                                    Page 6

Date of the court's decision: **June 16, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**


(e) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have

Used to exhaust your state remedies on Ground One: **Louisiana Supreme Court, 2014 KH 1610, July 31, 2015, Denied**


**GROUND TWO: Conviction and sentence obtained in violation of the United States Constitution Amendment V, VI, XIV and the Louisiana Constitution of 1974 article 1 §13, 15, §16. "Double Jeopardy"**

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

### SEE MEMORANDUM IN SUPPORT OF HABEAS CORPUS ATTACHED HERETO.

(b) If you did not exhaust your state remedies on Ground Two, explain why: **N/A**

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed form the judgment of conviction, did you raise this issue?     ☑ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:


(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes      ☐ No


(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Application for Post-Conviction Relief**

Name and location of the court where the motion or petition was filed: **22nd Judicial District Court, St. Tammany Parish**

Docket or case number (if you know): **415424**

Date of the court's decision: **February 10, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?                 ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?            ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?   ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
**Louisiana First Circuit Court of Appeal**

Docket or case number (if you know): **No. 2014 KW 0381**

Date of the court's decision: **June 16, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

**(e)  Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **Louisiana Supreme Court, 2014 KH 1610, July 31, 2015, Denied**

**GROUND THREE:  In violation of fair and impartial 2nd trial and conviction and sentence obtained in violation of the United States Constitution Amendment VI, XIV and the Louisiana Constitution of 1974 article 1 §13 and §16. "Ineffective Assistance of Counsel"**

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**<u>SEE MEMORANDUM IN SUPPORT OF HABEAS CORPUS ATTACHED HERETO.</u>**

(b) If you did not exhaust your state remedies on Ground Three, explain why: **N/A**

**(c)     Direct Appeal of Ground Three:**

(1) If you appealed form the judgment of conviction, did you raise this issue?    ☑ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(3)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes       ☐ No

(4)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Application for Post-Conviction Relief**

Name and location of the court where the motion or petition was filed: **22nd Judicial District Court, St. Tammany Parish**

Docket or case number (if you know): **415424**

Date of the court's decision: **February 10, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?                  ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition?             ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?   ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
**Louisiana First Circuit Court of Appeal**

Docket or case number (if you know): **No. 2014 KW 0381**

Date of the court's decision: **June 16, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

**(e) Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **Louisiana Supreme Court, 2014 KH 1610, July 31, 2015, Denied**

**GROUND FOUR**:  **La. C. Cr. P. Art. 854, newly discovered evidence; necessary allegations, actual innocence of the**
             **Petitioner, Mr. Lacayo.**

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**SEE MEMORANDUM IN SUPPORT OF HABEAS CORPUS ATTACHED HERETO.**

(b) If you did not exhaust your state remedies on Ground Three, explain why: **N/A**

**(c)**    **Direct Appeal of Ground Four:**

(1) If you appealed form the judgment of conviction, did you raise this issue?   ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(5) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes      ☐ No

(6)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Application for Post-Conviction Relief**

Name and location of the court where the motion or petition was filed: **22nd Judicial District Court, St. Tammany Parish**

Docket or case number (if you know): **415424**

Date of the court's decision: **February 10, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition?               ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?   ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
**Louisiana First Circuit Court of Appeal**

Docket or case number (if you know): **No. 2014 KW 0381**

Date of the court's decision: **June 16, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

**(e)  Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **Louisiana Supreme Court, 2014 KH 1610, July 31, 2015, Denied**

**GROUND FIVE:  In violation of the United States Constitution Amendment, V, VI, XIV, and Louisiana Constitution of 1974, article 1 §13, and 16, "Petitioner forced to retain counsel not enrolled to the petitioner's case, or with petitioner's lawyer, or none at all."**

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**<u>SEE MEMORANDUM IN SUPPORT OF HABEAS CORPUS ATTACHED HERETO.</u>**

(b) If you did not exhaust your state remedies on Ground Three, explain why: **N/A**

**(c)      Direct Appeal of Ground Five:**

(1) If you appealed form the judgment of conviction, did you raise this issue?     ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

AO241
(Rev. 10/07)

(d) Post-Conviction Proceedings:

(7)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes      ☐ No

(8)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Application for Post-Conviction Relief**

Name and location of the court where the motion or petition was filed: **22nd Judicial District Court, St. Tammany Parish**

Docket or case number (if you know): **415424**

Date of the court's decision: **February 10, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?                          ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?                      ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
        **Louisiana First Circuit Court of Appeal**

Docket or case number (if you know): **No. 2014 KW 0381**

Date of the court's decision: **June 16, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **Louisiana Supreme Court, 2014 KH 1610, July 31, 2015, Denied**

**GROUND SIX:**   In violation of a "Fair and impartial 1st and 2nd trial" and Equal Protection violation caused the conviction and sentence obtained in violation of the United States Constitution Amendment V, VI, XIV, and the Louisiana Constitution of 1974 article 1 §13 and §16. "Bias judges, failure to recuse themselves"

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**SEE MEMORANDUM IN SUPPORT OF HABEAS CORPUS ATTACHED HERETO.**

(b) If you did not exhaust your state remedies on Ground Three, explain why: **N/A**

   (c)     **Direct Appeal of Ground Six:**

      (1) If you appealed form the judgment of conviction, did you raise this issue?   ☑ Yes  ☐ No

      (2) If you did not raise this issue in your direct appeal, explain why:

   (d) Post-Conviction Proceedings:

      (9)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ☑ Yes     ☐ No

      (10) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition: **Application for Post-Conviction Relief**

      Name and location of the court where the motion or petition was filed: **22nd Judicial District Court, St. Tammany Parish**

      Docket or case number (if you know): **415424**

      Date of the court's decision: **February 10, 2014**

      Result (attach a copy of the court's opinion or order, if available): **Denied**

      (3) Did you receive a hearing on your motion or petition?      ☐ Yes ☑ No

      (4) Did you appeal from the denial of your motion or petition?     ☑ Yes ☐ No

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?   ☑ Yes ☐ No

      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed:
            **Louisiana First Circuit Court of Appeal**

      Docket or case number (if you know): **No. 2014 KW 0381**

AO241
(Rev. 10/07)                                                                                                                        Page 12

Date of the court's decision: **June 16, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

**(e) Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **Louisiana Supreme Court, 2014 KH 1610, July 31, 2015, Denied**

13.  Please answer these additional question about the petition you are filing:

(a)  Have all grounds for relief that you have presented in this petition been presented to the highest state court having jurisdiction?  ☒ Yes      ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: **N/A**

(b)  Is there any ground in this petition that has not been presented in some state or federal court?  If so, Ground or grounds have not been presented, and state your reasons for not presenting them: **N/A**

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐Yes    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes      ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At preliminary hearing: **Marion Farmer, Fred Daigle, Frank DeSalvo, IDB St. Tammany Parish**
(b)  At arraignment and plea: **Marion Farmer, IDB St. Tammany Parish**
(c)  At trail: **Marion Farmer, Fred Daigle, Frank DeSalvo, IDB St. Tammany Parish**
(d)  At sentencing: **Peter A. Irerandi , Frank DeSalvo, IDB St. Tammany Parish,**
(e)  On appeal: **Appellate Project, Lieu T. Vo Clark**
(f)  In any post-conviction proceeding: **Pro se**
(g)  On appeal from any adverse ruling in a post-conviction proceeding: **Pro se**

17.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment that you are
       challenging?         ☐ Yes          ☑ No

18.    **TIMELINESS OF PETITION**:  If your judgment of conviction became final over one year ago, you must explain

       The one-year statue of limitation as contained in **28 U.S.C. § 2244(d)** does not bar your petition.*
       **(SEE MEMORANDUM IN SUPPORT OF)**

_Shawn D. Faragio_
**Petitioner**


The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255(d) provides in

part that:

   (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
          custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

          (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of
                 the time for seeking such review;

          (B)    the date on which the impediment to filing an application created by State action in violation of the
                 Constitution or laws of the United States is removed, if the applicant was prevented from filing by
                 such state action;

          (C )   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if
                 the right has been newly recognized by the Supreme Court and made retroactively applicable to case
                 on collateral review; or

          (D)    the date on which the factual predicate of the claim or claims presented could have been discovered
                 through the exercise of due diligence.

   (2)    The time during which a properly filed application for State post-conviction of other collateral
          review with respect to the pertinent judgment or claim is pending shall not be counted toward any
          period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:


or any other relief to which petitioner may be entitled.

                                                    _____
                                                         Signature of Attorney (if any)

AO241
(Rev. 10/07)

Page 14

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system of Rayburn Correctional Center.

Executed (signed) on __7__ day of __October__ , 2015.

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.